UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA        :
                                                :       CASE NO. 5:13-CR-003
            Plaintiff,                      :
                                                :
vs.                                          :       OPINION & ORDER
                                                :       [Resolving Doc. No. 18]
DELMAR BARCLAY,                  :
                                                :
            Defendant.                   :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, the United States seeks to prosecute Defendant Delmar Barclay for possessing a weapon under a disability, in violation of 18 U.S.C. § 922(g). Defendant now moves to suppress evidence found in his home during a warrant-less protective sweep.[1] The United States opposes the motion.[2] For the reasons that follow, Defendant's motion to suppress is DENIED.

I. Background

On November 29, 2012, police officers responded to reports of shots being fired in the vicinity of Grand Street and Bloomfield Avenue in Akron, Ohio.[3] Persons living in the area told the responding officers that a man had fired a gun into the air, and that the shooter went into the home at 920 Bloomfield Avenue.[4] The officers approached that home's front door and heard a male inside

---

[1] Doc. 18.
[2] Doc. 19.
[3] Doc. 18, at 2.
[4] Id. See also Suppression Hrg. Tr. (testimony of Kelly Brown).

-1-

Case No. 5:13-CR-003
Gwin, J.

say, "I wasn't even close."[5] The officers waited for backup, and then knocked on the front door, announcing themselves as police.[6] Defendant Barclay opened the door, closed it, and then ran out the back door.[7] Another officer apprehended him, noticed five shotgun shells on the ground, and placed handcuffs on Defendant.[8]

The officers in the front of the home, meanwhile, received word that Defendant had been arrested and that there were shell casings in the backyard.[9] As they knocked on the front door to make contact with other persons in the home, the officers received word from dispatch that a caller on the line saw people on the second floor of the home.[10] Eventually, a woman opened the front door, but explained that she did not live in the home.[11] The officers entered the home and conducted a protective sweep. The sweep revealed that two adults and three children were still in the home, none of whom claimed to be a victim of any crime.[12] While searching the home, officers found a spent shell casing on the kitchen counter and a shotgun in the basement.

The United States charged Defendant Barclay with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On April 5, 2013, this Court entertained Defendant's motion to suppress and heard testimony from the two neighbors who called 911, two police officers who were on the scene, and the woman who answered the door after Defendant ran out the back door.

---

[5] Suppression Hrg. Tr. (testimony of Kelly Brown).
[6] *Id.*
[7] Doc. 18, at 2.
[8] *Id.*
[9] Suppression Hrg. Tr. (testimony of Kelly Brown).
[10] *Id.*
[11] *Id.*
[12] Doc. 18, at 2.

Case No. 5:13-CR-003
Gwin, J.

## II.  Analysis

Defendants says that the protective sweep constituted an impermissible search of his home, and that any evidence obtained from the sweep should be suppressed.[13] The United States responds, saying that the officers had reasonable suspicion that another person in the home could pose a potential danger to the arresting officers or to the public generally.

The Fourth Amendment's bar on unreasonable searches and seizures requires police to get a warrant before entering a suspect's home.[14] This requirement, however, is set aside when exigent circumstances exist so as to make a reasonable officer believe that immediate action is necessary.[15] One such circumstance is an immediate risk of injury to the police or others.[16] The Supreme Court has clarified that officers do not need probable cause or reasonable suspicion to "look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched."[17] Alternatively, officers can search nearby area when reasonable suspicion suggests a potential danger to the officer or others.  Barring that, the state must point to articulable facts, which taken together "would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene."[18]

Considering the testimony elicited at the suppression hearing, this standard is met.  When the officers entered the home, they were aware of multiple 911 calls from disinterested persons, that shots were fired in the vicinity, and that the shots were fired from a person who entered the property

---

[13] *Id.*
[14] *United States v. Daws*, 2013 WL 1296245, at *1 (6th Cir. Apr. 2, 2013).
[15] *Id.*
[16] *Minnesota v. Olson*, 495 U.S. 91, 100 (1990).
[17] *Maryland v. Buie*, 494 U.S. 325, 334 (1990).
[18] *Id.*

Case No. 5:13-CR-003
Gwin, J.

they sought to search. They were also aware that a suspect had been arrested, but that a gun had not been found on him. And perhaps most importantly, the officers knew that there were people in the house who might have access to the weapon.

Further, the search was not overly broad. Officers found the gun in the basement, and Defendant does not challenge that the gun was in plain view from the basement stairs. The opening of the door to the basement was a reasonable intrusion to ensure that no one was hiding, potentially with a weapon.

Defendant says that the woman who opened the door appeared unharmed and unthreatened, and the officers' concerns abated. Further, Defendant says that the 911 callers stated that the shooter shot the gun into the air, and not at any particular person. Defendant says that these facts, taken together, obviated any concern for community safety. But the case upon which Defendant relies is not quite on point. In *United States v. Colbert*, the Sixth Circuit stated that a protective sweep was unwarranted when the basis of the unknown threat was the arrestee's dangerousness and there was no evidence of other persons in the home.[19] But here, there is the added fact that a recently used weapon was somewhere on the premises, likely in the home. While Defendant is correct that the woman who answered the door appeared unharmed, this does not mean that she or others could not pose a danger to the police officers.

But even if the foregoing were not true, this Court would still deny the motion. Aside from their own safety, officers may conduct warrantless protective sweeps when they need to assist persons who are seriously injured or threatened with such injury.[20] In *Huffman*, officers responded

---

[19] 76 F.3d 773, 777 (6th Cir. 1996).
[20] *United States v. Huffman*, 461 F.3d 777, 782 (6th Cir. 2006).

-4-

Case No. 5:13-CR-003
Gwin, J.

to a 911 call reporting gunshots at a home. The officers discovered multiple bullet holes in the home's front windows, and saw through the windows that the home appeared inhabited. And in that case, it appears that the shots were fired *eight hours earlier*. "The unswept shards of glass on the front porch of the residence, along with the officers' belief that the shots had been recently fired, suggested that the risk of danger was still imminent."[21] Based on these circumstances, the Sixth Circuit affirmed the district court's denial of the defendant's motion to suppress.

The situation here is equally, if not more, concerning. Officers responded to calls of *recent* gun shots from multiple neighbors. The officers knew that the gun was in the home, along with unidentified persons. Taken together, the circumstances reasonably suggested that there was a need to assist persons with injuries or to prevent injuries from occurring.

### III. Conclusion

For the foregoing reasons, this Court DENIES Defendant's motion to suppress.

IT IS SO ORDERED.

Dated: April 9, 2013            s/    *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[21] *Id.* at 785.