UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                               :
UNITED STATES OF AMERICA,        :        Case No. 5:13-CR-3
                                               :
          Plaintiff,                           :
                                               :
vs.                                            :        OPINION & ORDER
                                               :        [Resolving Doc. No. 59]
DELMAR H. BARCLAY,               :
                                               :
          Defendant.                       :
                                               :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:


          Pro se Defendant Delmar Barclay brings this motion for reconsideration under Federal

Rule of Civil Procedure 59(e).[1]  He says that new Sixth Circuit precedent indicates that this

Court improperly denied his § 2255 motion seeking relief through habeas corpus.[2]

          For the following reasons, the Court **DENIES** Barclay's petition.


## I. Background

          On January 3, 2013, the United States indicted Defendant Delmar H. Barclay for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[3]  Barclay pled guilty and

was sentenced under the Armed Career Criminals Act ("ACCA").   Under ACCA, a defendant

faces a fifteen-year mandatory minimum sentence if he is convicted of being a felon in

---

[1] Doc. 59 at 1.
[2] *Id.* at 2–4.
[3] Doc. 1.

-1-

Case No. 5:13-CR-3
Gwin, J.

possession of a firearm and has three or more prior convictions for a violent felony or serious

drug offense.[4]   Barclay's pre-sentence report identified six possible predicate offenses.[5]

This Court found that Barclay qualified as an armed career criminal under the ACCA.

This Court did not identify the specific predicate offenses, but rather relied on the "large number

of crimes of violence or drug trafficking offenses."[6]

The Supreme Court's recent opinion in *Johnson v. United States*[7] has thrown into

question whether certain prior felonies can be counted as "violent felonies" for the purposes of

the ACCA.  The Supreme Court has held that *Johnson* applies retroactively to habeas claims

challenging ACCA sentences.[8]

On November 19, 2015, Barclay filed a § 2255 motion seeking relief through habeas

corpus.[9]  He argued that after *Johnson* he no longer had three ACCA predicate offenses.

This Court denied Barclay's motion.[10]  This Court determined that Barclay had at least

three remaining ACCA predicate convictions: his 2005 trafficking conviction, his 1998

aggravated assault conviction, and his 1986 aggravated burglary conviction.[11]  These convictions

were sufficient to support his 2013 sentence under the ACCA.

On July 21, 2016, Defendant Barclay filed this motion for reconsideration under Federal

Rule of Civil Procedure 59(e).[12]  Barclay says that the Sixth Circuit recently concluded that

Ohio's aggravated burglary statute does not qualify as an ACCA predicate offense.[13]

---

. 　　 [4] 18 U.S.C. § 924(e)(1).
　　 [5] Doc. 27 at ¶¶ 41-61.
　　 [6] Doc. 42 at 3.
　　 [7] ___ U.S. ___, 135 S.Ct. 2551 (2015).
　　 [8] *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016).
　　 [9] Doc 46.
　　 [10] Doc. 57.
　　 [11] *Id.* at 4-5.
　　 [12] Doc. 59.
　　 [13] *Id.* Barclay points to *United States v. Fountain*, 643 F. App'x. 543, 547–48 (6th Cir. 2016) (unreported).

Case No. 5:13-CR-3
Gwin, J.

Consequently, Barclay asks this Court to reconsider whether his aggravated burglary conviction

qualifies as an ACCA predicate offense.

## II. Analysis

Defendant Barclay moves this Court to alter or amend its judgement denying his § 2255

motion.  Under Rule 59(e), a court may grant a motion to amend or alter its judgment if there is:

(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling

law; or (4) manifest injustice.[14]   But, a reconsideration motion is not an opportunity to re-litigate

previously decided matters or present the case under new theories.[15] Such a motion is

extraordinary and sparingly granted.[16]

Barclay says that the Sixth Circuit's decision in *United States v. Fountain*[17] changed

controlling law.  He argues that the *Fountain* court determined that convictions under Ohio's

aggravated burglary statute cannot qualify as ACCA predicate offenses.[18]  This argument loses.

In *Fountain*, the Sixth Circuit stated that a district court had "correctly labeled Ohio's

aggravated-burglary statute non-generic, i.e., broader than generic burglary."[19]  Critically, the

court then noted that "[b]ecause Ohio's statute is 'divisible'—in that it sets out one or more

elements in the alternative—the court could have then employed a 'modified categorical

approach' . . . to determine which alternative necessarily formed the basis of Fountain's prior

conviction."[20]

---

[14] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999).
[15] *See* S*ault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998).
[16] P*laskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).
[17] 643 F. App'x at 547–48.
[18] Doc. 59.
[19] *Fountain*, 643 F. App'x at 547.
[20] *Id.*

Case No. 5:13-CR-3
Gwin, J.

The modified categorical approach requires courts to determine the exact subsection of a

divisible statute under which a defendant was convicted.[21]  If that subsection defines a crime

more broadly than the generic definition of that crime, then the conviction cannot qualify as an

ACCA predicate offense.[22]

Defendant Barclay was convicted of "[a]ggravated burglary, Ohio Revised Code Section

2911.11(A)(3)."[23]  When it denied Barclay's § 2255 motion, this Court completed a modified

categorical analysis of Ohio's aggravated burglary statute.[24]  This Court concluded that

subsection (A)(3) of this statute is not overly broad.[25]  As a result, Barclay's aggravated burglary

conviction qualifies as an ACCA predicate offense.

No conflict exists between *Fountain* and this Court's previous denial of Barclay's § 2255

motion.  This Court followed the Sixth Circuit's direction by "employ[ing] a 'modified

categorical approach' . . . to determine which alternative [subsection] necessarily formed the

basis of [the Defendant's] conviction."[26]

The controlling law has not changed.  Defendant Barclay still has at least three predicate

offenses qualifying him for ACCA sentencing.  His motion for reconsideration is denied.

---

[21] *Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013)*.
[22] *Id.*
[23] Doc. 53-1.
[24] Doc 57 at 13-18.
[25] *Id.* at 18.
[26] *United States v. Fountain*, 643 F. App'x. 543, 547–548 (6th Cir. 2016) (unreported).  Doc 57 at 13-18.

Case No. 5:13-CR-3
Gwin, J.

### III. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Defendant Barclay's motion

for reconsideration.  This Court certifies that Barclay could, in good faith, take an appeal on the

question of whether aggravated burglary is a predicate offense under the ACCA.


IT IS SO ORDERED.



Dated:  August 26, 2016                                    s/            *James S. Gwin*
                                                                      JAMES S. GWIN
                                                                      UNITED STATES DISTRICT JUDGE